**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TERRY DICKERSON
8211 KNEIRIM DR.
LORAIN, OH 44053

       Plaintiff

   -vs-

VENTRA SANDUSKY, LLC
3020 TIFFIN AVE.
SANDUAKY, OH  44870

UNITED  AUTOMOBILE,  AEROSPACE
AND  AGRICULTURAL  IMPLEMENT
WORKERS OF AMERICA
3211 BARDSHAR ROAD
SANDUSKY, OH 44870

UAW LOCAL 1216
CHRIS KNOPPE, STATUTORY AGENT
977 W. BROAD STREET
COLUMBUS OH 43222

      Defendants

CASE NO:

JUDGE:

**COMPLAINT (JURY DEMAND)**

Plaintiff for his complaint against Defendants states as follows:

**Parties**

1. Plaintiff Terry Dickerson (hereafter Terry) is an individual who resides in Ohio at all times relevant hereto, Terry was employed by Defendant Ventra Sandusky LLC.

1

2. Defendant Ventra Sandusky LLC (hereafter Ventra) is a plastics manufacturer located in Sandusky, Ohio and at all times relevant hereto employed Terry as a forklift operator.

3. Defendants United Automobile, Aerospace and Agricultural Implement Workers of America (hereafter UAW International) and its Local 1216 are the labor organizations representing Terry in collective bargaining pursuant to an agreement

### Jurisdiction and Venue

4. This court has jurisdiction under Title VII of the Civil Rights Act of nineteen sixty-four for racial discrimination claims and Section 301 of the Labor Management Relations Act for breach of duty of fair representation.

5. Venue is proper in the Northern District of Ohio, Western Division, as the events occurred at Ventra Sandusky LLC in Sandusky, Ohio.

6. The Equal Employment Opportunity Commission issued a right to sue letter on April 7, 2025 which was mailed the same day, and was received after April 10th, 2025, meeting the filing requirements.

### Count 1 - Racial Discrimination (Hostile Work Environment)

7. Terry Dickerson, an African American, was employed as a forklift operator at Ventra Sandusky LLC for eight years and is a member of a protected class under Title VII.

8. During his employment at Ventra Sandusky LLC, Terry faced unwelcome conduct from Chad Gregory, a Caucasian male, employed as a manufacturing tech in section A-11.

9. On three or four occasions prior to August 16, 2024, Terry had disputes with Mr. Gregory, setting the stage for ongoing hostility.

10. In early August 2024, Mr. Gregory's harassment escalated, culminating in his calling Terry a "nigger", a racial slur, during his work.

11. On August 16, 2024, in section A-11, Terry noticed a palletainer's doors ajar, which Mr. Gregory knew should have been closed but he left them open as a prank or sabotage to delay Terry's productivity.

12. Terry told Mr. Gregory that the doors needed closing, but Mr. Gregory responded by calling Terry a nigger under his breath.

13. Despite this, Terry got off his forklift, closed and locked the doors, and took the palletainer on to its destination in the mill.

14. Upon returning to section A-11, Terry found a palletainer of finished housings blocking the aisle, which Mr. Gregory knew should have been on the wall but he had left it to impede forklift traffic.

15. When Terry told Mr. Gregory, "you know these go on the wall" Mr. Gregory called Terry a nigger again causing Terry to become upset.

16. This pattern of racial slurs and sabotage was severe and pervasive, creating a hostile work environment.

17. Terry reported Mr. Gregory's behavior, including the racial slurs, to his supervisor, Bill Todd, but Mr. Todd was uninterested in Terry's complaint.

18. Terry was not allowed to give a written statement about the incidents.

19. The employer, Ventra Sandusky LLC, knew or should have known of the harassment through Terry's report but failed to take prompt, effective action.

20. Instead, Terry was approached by the plant manager, who walked Terry out of the building pending an investigation.

21.  Terry was not allowed to make a statement or speak with union representatives about his side of the confrontation.

22.  The HR department later conducted an over-the-phone interview with Terry, attended by alternate union representative Alan Keegan, union vice president Annette Welch Lippard, and company representative Mark Clark.

23. Terry was subsequently terminated, an adverse employment action linked to the hostile work environment and the employer's failure to address the harassment.

4

24.  This conduct significantly altered Terry's work environment and caused him harm including mental distress and lost wages.

25.  Terry pointed out to union officials, including union president Nick Nimitz of Local 1216, that other individuals, including Charlissa Taylor, Keith Bostatter, and Roger Kamm, received less harsh treatment for similar or worse infractions.

**Count 2 - Breach of Duty of Fair Representation**

26.  Plaintiff realleges the statements made in the foregoing paragraphs as if fully restated herein.

27. Terry's unions, UAW International and Local 1216, had a duty to fairly represent him in workplace disputes under the collective bargaining agreement with Ventra Sandusky LLC.

28. Terry reported Mr. Gregory's harassment and racial slurs to his supervisor, Bill Todd, whose wife, Stephanie Todd, is the union representative for Local 1216, creating a potential conflict of interest.

29. Terry was not permitted to speak with his union representative from Local 1216 during the investigation.

30. A grievance was later prepared on Terry's behalf by Local 1216, but it failed to include his complaints of discrimination, harassment, and disparate treatment.

5

31. The unions, through representatives Stephanie Todd, Alan Keegan, and Annette Welch Lippard, acted arbitrarily or in bad faith by failing to file a charge or complaint on Terry's behalf and omitting his discrimination claims from the grievance.

32. This failure by UAW International and Local 1216 harmed Terry, as it prevented proper investigation and resolution of his valid claims, contributing to his termination.

### Jury Demand

Plaintiff demand a trial by the maximum number of jurors permitted by law.

**WHEREFORE**, Plaintiff seeks compensatory damages for lost wages, emotional distress, and other harms, reinstatement or front pay, punitive damages against Ventra Sandusky LLC for willful discrimination, and attorney's fees and costs, and such other and further relief to which he may be entitled, at law or in equity.

Respectfully submitted,

/s/Richard E. Hackerd_____
RICHARD E. HACKERD
Attorney Reg. #0055306
55 Public Sq., Suite 2100
Cleveland, OH  44113
216.241.8282 (office)
216.619.8300 (fax)
richard@hackerd.com (E-mail)
Attorney for Defendant