**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **TERRY DICKERSON,** | : | |
| | : | **Case No. 3:25-cv-01443** |
| **Plaintiff,** | : | |
| | : | **Judge James R. Knepp II** |
| **v.** | : | |
| | : | |
| **VENTRA SANDUSKY, LLC,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## UAW AND UAW LOCAL 1216'S MOTION TO DISMISS COMPLAINT

Now come Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local 1216 ("UAW Local 1216"), collectively, "Union Defendants," by and through counsel, and hereby move this Court to dismiss the Complaint filed by Plaintiff Terry Dickerson, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff purports to bring one claim against the Union Defendants—a claim for breach of the duty of fair representation pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. This Court should dismiss Plaintiff's claim against the Union Defendants because it is barred by the applicable statute of limitations and Plaintiff failed to plead a plausible claim for relief. The grounds for this Motion are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

**JOYCE GOLDSTEIN & ASSOCIATES**

**Of Counsel:**

*/s/ Lane C. Hagar*
Kristin Seifert Watson (0078032)
Lane C. Hagar (0101110)

Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:      (614) 461-4455
Facsimile:      (614) 621-6293
Email:          kwatson@cloppertlaw.com
                lhagar@cloppertlaw.com

Joyce Goldstein (0029467)
Joyce Goldstein & Associates
3080 Laurel Road
Cleveland, Ohio 44120
Telephone:      (216) 771-6633
Facsimile:      (216) 509-2542
Email:          jgoldstein@ggcounsel.com

*Counsel for Defendants UAW and UAW Local 1216*

2

**MEMORANDUM IN SUPPORT**

I.    **STATEMENT OF THE ALLEGATIONS AND CASE**

Plaintiff, a Black male, alleges that he was employed by Defendant Ventra Sandusky, LLC ("Ventra") as a forklift operator and was represented by the Union Defendants. (Compl., DKT # 1, ¶¶ 2, 3, 7, Page ID # 2).[1] While working for Ventra, Plaintiff claims that he faced unwelcome conduct from Chad Gregory, a White male co-worker. (*Id.*, ¶¶ 8-10, Page ID # 3).

On August 16, 2024, Plaintiff claims that Mr. Gregory engaged in various acts of sabotage/pranking to interfere with Plaintiff's productivity. (*Id.*, ¶¶ 11, 14). Plaintiff further alleges that when he reported those issues to Mr. Gregory, he called Plaintiff racial slurs. (*Id.*, ¶¶ 12, 15, Page ID ## 3-4). Plaintiff alleges that he reported Mr. Gregory's behavior, including the use of the racial slurs, to his supervisor, Bill Todd. (*Id.*, ¶ 17, Page ID # 4). According to Plaintiff, Mr. Todd was uninterested in his complaint. (*Id.*). Plaintiff alleges that he was not allowed to provide a written statement of the incidents and that Ventra failed to take prompt, effective action in response to his complaint. (*Id.,* ¶¶ 18-19). Instead, Plaintiff alleges that he was walked out of the building by the plant manager pending investigation of the incidents without being permitted to make a statement or speak with union representatives. (*Id.*, ¶¶ 20-21).

Plaintiff was allegedly interviewed via telephone by Ventra representative Mark Clark, with UAW Local 1216 representative Allen Keegan and UAW Local 1216 Vice President Annette Welch Liphart in attendance. (*Id.*, ¶ 22). Ventra subsequently discharged Plaintiff. (*Id.*, ¶ 23). UAW Local 1216 filed a grievance protesting Plaintiff's discharge. (*Id.*, ¶ 30, Page ID # 5).

---

[1] Union Defendants reserve the right to specifically deny each and every allegation in the Complaint, but accept the truthfulness of only the well-pleaded factual allegations for the purposes of this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

In the Complaint, Plaintiff raises four (4) allegations about the representation he received. First, Plaintiff alleges that Mr. Todd's wife, Stephanie Todd, was a UAW Local 1216 representative, which created a "potential conflict of interest." (*Id.*, ¶ 28). Second, Plaintiff alleges that he was "not permitted to speak with his union representative from Local 1216 during the investigation." (*Id.*, ¶ 29). Third, Plaintiff alleges that UAW Local 1216 failed to include his complaints of "discrimination, harassment, and disparate treatment" in the grievance it filed protesting his discharge. (*Id.*, ¶ 30). Finally, Plaintiff asserts that "the unions" acted arbitrarily or in bad faith "by failing to file a charge or complaint" on Plaintiff's behalf. (*Id.*, ¶ 31, Page ID # 6).[2]

Plaintiff commenced the instant Action on or about July 9, 2025. In his Complaint, Plaintiff purports to bring a racial discrimination claim under Title VII of the Civil Rights Act of 1964 against Ventra and a claim for breach of the duty of fair representation under Section 301 of the LMRA against the Union Defendants.

## II.    ARGUMENT

This Court should dismiss the Complaint against the Union Defendants because Plaintiff failed to state a claim against them upon which relief can be granted. Plaintiff's claim against the Union Defendants fails because it is time-barred and because Plaintiff failed to state a plausible

---

[2] While Plaintiff makes various allegations against "the unions" in the Complaint, he does not make any specific allegations concerning the conduct of the UAW or any of its agents. Indeed, all of the representatives Plaintiff identifies are representatives of UAW Local 1216, not the UAW. The UAW is a separate entity from its local unions, and it does not control or supervise the affairs of its local unions. *See* Compl., DKT # 1, ¶¶ 3, 27, Page ID ## 2, 5; *Allen-Amos v. Ford Motor Co.*, Case No. 1:19-cv-1012, 2020 WL 4334880, at *3 (S.D. Ohio July 28, 2020); *Phillips v. UAW Int'l*, 149 F.Supp.3d 790, 793 (E.D. Mich. 2016). Plaintiff's failure to allege anything of substance against the UAW is an additional reason to dismiss the claim against it.

claim for relief on its face. Accordingly, the Court should dismiss Plaintiff's claim against the Union Defendants at this stage of the proceedings.

### A.     **<u>Dismissal Standard</u>**.

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss this Action as against the Union Defendants for "failure to state a claim upon which relief can be granted." A statute of limitations defense may be raised in a motion to dismiss. *A.G. Reeves Steel Construct Co. v. Weiss*, 119 F.2d 472, 476 (6th Cir. 1941). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept that all well-pleaded factual allegations in the complaint are true. *UFCW Local 1099 v. City of Sidney*, 364 F.3d 738, 745 (6th Cir. 2004).

However, the requirement that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, "[a] pleading that offers 'labels and conclusions' . . . will not do." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The Court explained in *Iqbal* that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

> A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted where the complaint does not contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Handy–Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

*Durrah v. 16 Asset Mgmt. Holdings*, Case No. 1:17-cv-00666, 2017 WL 3995592, at \*1 (N.D. Ohio Sept. 8, 2017).

Applying these standards, the Complaint cannot survive a Motion to Dismiss from the Union Defendants. Plaintiff's claim against the Union Defendants is time-barred, and the facts pleaded against the Union Defendants do not support a claim for relief that is plausible on its face. This Court should dismiss this Action in its entirety for failure to state a claim upon which relief can be granted.

> **B.** **Plaintiff's claim against the Union Defendants is barred by the applicable statute of limitations.**

The statute of limitations for Section 301 claims is six (6) months. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983). "This six-month time period accrues from the date that the plaintiff 'discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Nida v. Plant Protection Ass'n Nat.*, 7 F.3d 522, 525 (6th Cir. 1993). Applying these standards here, it is clear that Plaintiff failed to commence this Action within the applicable statute of limitations.

Much of Plaintiff's claim against the Union Defendants is based on the contents of the grievance that UAW Local 1216 filed in response to his termination. (*See, e.g.*, Compl., DKT # 1, ¶ 30, Page ID # 5) ("[The] grievance . . . failed to include [Plaintiff's] complaints of discrimination, harassment, and disparate treatment.")). UAW Local 1216 filed the grievance protesting Plaintiff's termination, Grievance No. AK00346 (the "Grievance"), on or before August 30, 2024. (*See* Exhibit A attached hereto).[3] Plaintiff therefore knew or should have known of any issues with the

---

[3] "[A] document that is attached to a defendant's 12(b)(6) motion can be considered as part of the pleadings, thereby precluding the conversion of the motion to one for summary judgment, if the document is referred to in the complaint and central to the plaintiff's claim." *Branning v. Romeo's*

contents of the Grievance[4] on or about August 30, 2024. August 30, 2024, was more than ten (10) months before the filing of the Complaint and well outside of the six (6) month statute of limitations applicable to his claim against the Union Defendants. Likewise, Plaintiff knew or should have known at the time of the filing of the Grievance that the Union Defendants were not taking any other action such as a charge or complaint on his behalf.[5] To the extent Plaintiff's claim is based on conduct of the Union Defendants that preceded his termination from Ventra, including the related investigation, that conduct was also more than ten (10) months old and is time-barred. Plaintiff failed to commence this Action within the six (6) month statute of limitations for Section 301 breach of duty of fair representation claims. Thus, this Court should dismiss Plaintiff's claim against the Union Defendants.

    **C.**    <u>**Plaintiff failed to state a plausible claim for relief against the Union Defendants.**</u>

In addition to the fact that Plaintiff's claim is time-barred, a review of the allegations in support of the claim reveals that it does not state a plausible claim for relief on its face. For this additional reason, the Court should dismiss Plaintiff's claim against the Union Defendants.

It is well established that unions have a statutory duty to fairly represent all employees in collective bargaining and enforcing the resulting collective bargaining agreement. *Vaca v. Sipes*,

---

*Pizza, Inc.*, Case No. 1:19 CV 2092, 2020 WL 3275716, at *2 (N.D. Ohio Apr. 6, 2020) (citing *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999)).

[4] A review of Exhibit A also establishes that there is no basis for the allegations made by Plaintiff regarding the contents of the Grievance. Indeed, contrary to Plaintiff's allegations, Exhibit A demonstrates that the Grievance did include Plaintiff's "complaints of discrimination, harassment, and disparate treatment," and it even notes his concerns about a potential conflict of interest if Ms. Todd were to represent him. *See* Exhibit A ("This failure to properly address the situation and the allegations of harassment violates Article 5, Sections 1 and 2…HR has not thoroughly investigated [Plaintiff's] complaints, placing [Plaintiff] back in A11 without resolution, thereby enabling continued harassment and discrimination.").

[5] As will be discussed further herein, the duty of fair representation owed by the Union Defendants did not require them to file any charges or complaints in addition to the Grievance.

386 U.S. 171, 177-78 (1967). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. Unions are not required to pursue every avenue of relief requested by an employee. *See, e.g.*, *Ely v. Newell Rubbermaid, Inc.*, 50 Fed.Appx. 681, 689 (6th Cir. 2002) ("'[a] union does not…have to exhaust every possible remedy requested by a member facing disciplinary action.'"). Many of the allegations Plaintiff raises in his Complaint simply could not, even if true, establish a breach of the Union Defendants' duty of fair representation. As such, the Court should grant the Union Defendants' Motion to Dismiss.

In the Complaint, Plaintiff alleges that "[t]he unions . . . acted arbitrarily or in bad faith by failing to file a charge or complaint on [Plaintiff's] behalf and omitting his discrimination claims from the grievance." (Compl., DKT # 1, ¶ 31, Page ID # 6). As Plaintiff admits, UAW Local 1216 filed a grievance on his behalf protesting his discharge. (*Id.*, ¶¶ 30, 31, Page ID ## 5-6). Plaintiff's allegations regarding the content thereof are not supported by the Grievance itself, and Plaintiff did not plead facts that could establish a plausible claim that the Union had and/or breached an actionable duty to include particular information in the Grievance.

Plaintiff did not allege that he ever requested that either of the Union Defendants take any action beyond filing a grievance protesting his discharge. In any event, the Union Defendants' duty of fair representation does not require that they file additional charges or complaints outside of the applicable collective bargaining agreement's grievance and arbitration procedure. *See Vaca*, 386 U.S. at 176-77. A union is the exclusive bargaining representative of its members for the purposes of collective bargaining. *See id.* As such, it has a duty to fairly represent its members with regard to bargaining and enforcing the collective bargaining agreement, not to represent its members to enforce their own individual rights to be free from discrimination in the workplace.

8

*See id*. Therefore, to the extent that Plaintiff's claim against the Union Defendants is based on a failure to file a charge or complaint outside of the contractual grievance procedure, it fails to state a claim upon which relief can be granted.

Plaintiff's claim against the Union Defendants also relies on conclusory allegations that lack any factual support and allegations that speak to actions of Ventra, not the Union Defendants. Plaintiff asserts that there was a *potential* conflict of interest created by the alleged fact that the wife of his supervisor, Stephanie Todd, was a UAW Local 1216 representative. (Compl., DKT # 1, ¶ 20, Page ID # 5). However, nowhere in the Complaint does Plaintiff allege that Ms. Todd was in any way involved in representing him in connection with his discharge or the related investigation. Thus, Plaintiff's allegation is conclusory and of no consequence. Plaintiff also complains that he "was not permitted to speak with his union representative from Local 1216 during the investigation." (*Id.*, ¶ 29, Page ID # 5). This allegation alleges conduct by Ventra, not the Union Defendants, especially when read in light of other allegations made by Plaintiff in the Complaint. (*See, e.g.*, *Id.*, ¶¶ 20-21, Page ID # 4). Plaintiff failed to plead factual allegations concerning conduct of the Union Defendants sufficient to support a plausible claim for relief for breach of the duty of fair representation. The Court should therefore dismiss Plaintiff's claim against the Union Defendants.

## III. CONCLUSION

This Court should dismiss Plaintiff's claim against the Union Defendants because it is barred by the applicable statute of limitations. Further, Plaintiff did not plead a plausible claim for relief on its face. For these reasons and all of the reasons set forth herein, the Union Defendants respectfully request that this Court grant their Motion to Dismiss, dismiss this Action in its entirety, and grant any and all other relief that the Court deems warranted.

Respectfully submitted,

**JOYCE GOLDSTEIN & ASSOCIATES**

**Of Counsel:**

*/s/ Lane C. Hagar*
Kristin Seifert Watson (0078032)
Lane C. Hagar (0101110)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:    (614) 461-4455
Facsimile:    (614) 621-6293
Email:        kwatson@cloppertlaw.com
              lhagar@cloppertlaw.com

Joyce Goldstein (0029467)
Joyce Goldstein & Associates
3080 Laurel Road
Cleveland, Ohio 44120
Telephone:    (216) 771-6633
Facsimile:    (216) 509-2542
Email:        jgoldstein@ggcounsel.com

*Counsel for Defendants UAW and UAW Local 1216*

10

## STATEMENT OF COMPLIANCE

This case has not yet been assigned to a track. This Memorandum complies with the page limitations set forth in Local Rule 7.1(f).

Respectfully submitted,


*/s/ Lane C. Hagar*
Lane C. Hagar (0101110)

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on November 4, 2025, using the Court's CM/ECF system. All parties may access this filing utilizing the Court's ECF system.

Respectfully submitted,


*/s/ Lane C. Hagar*
Lane C. Hagar (0101110)