**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TERRY DICKERSON

   Plaintiff

 -vs-

VENTRA SANDUSKY, LLC
   et al.

   Defendants

CASE NO: 3:25-cv-01443-JRK

JUDGE: JAMES R. KNEPP I

## <u>PLAINTIFF'S BRIEF IN OPPOSITION TO UNION DEFENDANTS' MOTION TO DISMISS</u>

Plaintiff Terry Dickerson respectfully submits this brief in opposition to the Motion to Dismiss filed by Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and UAW Local 1216 ("Union Defendants").

I. INTRODUCTION

The Union Defendants seek dismissal of Plaintiff's claim for breach of the duty of fair representation under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, arguing that the claim is time-barred and fails to state a plausible claim for relief. For the reasons set forth below, the motion should be denied.

1

II. ARGUMENT

A. The Statute of Limitations Defense Is Inappropriate at the Pleading Stage

While the Union Defendants argue that Plaintiff's claim is barred by the six-month statute of limitations, dismissal at this stage is inappropriate unless the complaint conclusively establishes that the claim is untimely. The accrual date for a duty of fair representation claim is a fact-intensive inquiry, turning on when the plaintiff knew or should have known of the union's alleged breach. Here, the complaint does not establish on its face that Plaintiff's claim is untimely, as factual questions remain regarding when Plaintiff discovered or should have discovered the alleged violations, including the adequacy of the union's representation and the handling of his grievance (Doc 15 Mf to Dismiss.pdf, p. 6).

B. Plaintiff Has Stated a Plausible Claim for Breach of the Duty of Fair Representation

To survive a motion to dismiss, Plaintiff need only allege sufficient facts to state a claim that is plausible on its face. Plaintiff alleges that the Union Defendants failed to adequately represent him in connection with his termination, including by (1) failing to include his complaints of discrimination,

2

harassment, and disparate treatment in the grievance; (2) failing to permit him to speak with his union representative during the investigation; (3) failing to file a charge or complaint on his behalf; and (4) allowing a potential conflict of interest to affect his representation (id., p. 4) . These allegations, taken as true, are sufficient to state a claim that the union's conduct was arbitrary, discriminatory, or in bad faith.

The Union Defendants' arguments that Plaintiff's allegations are conclusory or unsupported are misplaced. At the pleading stage, Plaintiff is not required to prove his case, but only to allege facts that, if true, would entitle him to relief. The complaint meets this standard.

C. The Union Defendants' Factual Disputes Are Not Properly Resolved on a Motion to Dismiss

The Union Defendants rely on an exhibit (the grievance) to dispute Plaintiff's allegations regarding the union's actions. However, factual disputes regarding the content and adequacy of the grievance, as well as the union's overall representation, are not properly resolved on a motion to dismiss. Plaintiff is entitled to discovery to further develop these issues.

3

D. Claims Against the International Union Should Not Be Dismissed at This Stage

The Union Defendants argue that Plaintiff fails to allege specific conduct by the International Union. However, Plaintiff's allegations are directed at both the local and international union, and the extent of the International Union's involvement is a factual question that should not be resolved on the pleadings (id., p. 4) .

III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Union Defendants' Motion to Dismiss.

Respectfully submitted,

/s/Richard E. Hackerd
RICHARD E. HACKERD
Attorney Reg. #0055306
55 Public Sq., Suite 2100
Cleveland, OH  44113
216.241.8282 (office)
216.619.8300 (fax)
richard@hackerd.com (E-mail)
Attorney for Plaintiff

4

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served this 9th day of December, 2025 by efc upon:

Daniel Dubow and Lynn Viketich Luther, representing Ventra Sandusky, LLC at DSDubow@eastmansmith.com and LVLuther@eastmansmith.com

Lane C. Hagar and Joyce Goldstein, Kristin Siefert Watson , representing UAW and UAW Local 1216 at lhagar@cloppertlaw.com and jgoldstein@ggcounsel.com and kwatson@cloppertlaw.com.

/s/Richard E. Hackerd
RICHARD E. HACKERD
Attorney for Plaintiff