**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **TERRY DICKERSON,** | : | |
| | : | **Case No. 3:25-cv-01443** |
| **Plaintiff,** | : | |
| | : | **Judge James R. Knepp II** |
| **v.** | : | |
| | : | |
| **VENTRA SANDUSKY, LLC,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**UAW AND UAW LOCAL 1216'S REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS COMPLAINT**

**I.      INTRODUCTION**

On or about July 9, 2025, Plaintiff filed the Complaint in the instant matter wherein he alleges that Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local 1216 ("UAW Local 1216"), collectively, "Union Defendants," breached the duty of fair representation owed to him pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). (DKT # 1). On November 4, 2025, Union Defendants moved this Court to dismiss Plaintiff's claim against them because it is barred by the applicable statute of limitations and because he failed to allege a plausible claim for relief. (DKT # 15).

Plaintiff filed his Brief in Opposition to Union Defendants' Motion to Dismiss ("Memorandum in Opposition") on December 9, 2025. (DKT # 19). In doing so, Plaintiff failed to cite any case law or substantively respond to the arguments raised by Union Defendants in support of their Motion. (*Id.*). This Court should grant Union Defendants' Motion and dismiss Plaintiff's claim against them for failure to state a claim upon which relief can be granted.

II.     ARGUMENT

    A.     **Plaintiff's claim is untimely and should therefore be dismissed.**

In his Memorandum in Opposition, Plaintiff asserts, without citation to authority, that Union Defendants' statute of limitations argument is inappropriate at this stage "unless the complaint conclusively establishes that the claim is untimely." (DKT # 19, Page ID # 64). The law is clear that a statute of limitations defense may be raised in a motion to dismiss. *Mahvi v. Geauga Cty.*, Case No. 1:24-CV-1098, 2025 WL 1532492, at \*2 (N.D. Ohio May 29, 2025) (quoting *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024)) ("Simply stated, 'plaintiffs can plead themselves out of court on statute-of-limitations grounds if the complaint alleges facts showing that they did not sue in time.'"). Further, the Complaint does conclusively establish that Plaintiff's claim is untimely.

As Plaintiff acknowledges, the statute of limitations for a Section 301 claim is six (6) months, and the accrual date for such a claim is based on when he discovered or should have discovered the acts constituting the alleged violation of the duty of fair representation. (Memorandum in Opposition, DKT # 19, Page ID # 64). In an attempt to avoid the inevitable conclusion that his claim is barred by the six-month statute of limitations, Plaintiff contends that "factual questions remain regarding when Plaintiff discovered or should have discovered the alleged violations . . . ." (*Id.*). That is simply not true.

Plaintiff's claim against the Union Defendants is based on their conduct taken: (1) during the investigation that led to Plaintiff's termination; and (2) in response to Plaintiff's termination. (*See, e.g.*, Complaint, DKT # 1, ¶¶ 21-23, 27, 29-31, Page ID # 4-6). While Plaintiff did not include dates in the Complaint, the relevant timeline of events is clear. Undisputed documents referenced by Plaintiff in his Complaint establish that Plaintiff was terminated on or about August 23, 2024.

(Exhibit A to Union Defendants' Motion to Dismiss, DKT # 15-1, Page ID # 49). UAW Local 1216 filed the grievance protesting Plaintiff's termination, Grievance No. AK00346 (the "Grievance"), on or about August 30, 2024. (*Id.*). To the extent Plaintiff's Section 301 claim is based on representation he received from the Union Defendants during the investigation, the time for Plaintiff to file his claim expired six months later in early March 2025. Plaintiff did not file his Complaint until July 9, 2025. Accordingly, Plaintiff's claim is barred by the six-month statute of limitations.

Similarly, there is no "factual question" about when Plaintiff knew or should have known about the contents of the Grievance or how the Union Defendants responded to his termination. (Memorandum in Opposition, DKT # 19, Page ID # 64). The Grievance is fairly considered part of the Complaint itself by virtue of Plaintiff's reference thereto in the Complaint and the fact that it is central to his claim. *Branning v. Romeo's Pizza, Inc.*, Case No. 1:19 CV 2092, 2020 WL 3275716, at *2 (N.D. Ohio Apr. 6, 2020) (citing *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999)). Beyond that, Plaintiff does not allege in his Complaint that he was unaware of the contents of the Grievance or the action the Union Defendants took concerning his termination. In fact, by Plaintiff's own account, he was aware of the contents of the Grievance, as he alleged in his Complaint that "it failed to include his complaints of discrimination, harassment, and disparate treatment." (DKT # 1, ¶ 30, Page ID # 5).

Plaintiff knew or should have known about how the Union Defendants responded to his termination, i.e., with the Grievance rather than a "charge or complaint," at the time the Grievance was filed. (*Id.*, ¶¶ 30-31, Page ID # 5-6). There are no allegations in the Complaint claiming that Plaintiff suffered any delay in discovering the Grievance or any conduct of the Union Defendants. *See Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (citing *Hoover v. Langston*

3

*Equip. Assocs., Inc.*, 958 F.2d 742 (6th Cir. 1992)) (noting that a plaintiff must bring allegations to address a statute of limitations issue when it is apparent on the face of the complaint that the time limit to bring a claim has passed). Plaintiff knew or should have known about the Union Defendants' response to his termination, including the contents of the Grievance and the decision to file it, on or about August 30, 2025—more than nine (9) months before he filed the Complaint. Because the factual basis for Plaintiff's claim occurred well over six (6) months before he filed the Complaint, his claim is time-barred and should be dismissed.

> **B.**     **Plaintiff failed to plead factual allegations that could support a plausible claim for relief against the Union Defendants.**

In his Memorandum in Opposition, Plaintiff asserts that "[a]t the pleading stage, [he] is not required to prove his case, but only to allege **facts** that, if true, would entitle him to relief." (DKT # 19, Page ID # 65) (emphasis added). The Union Defendants do not argue otherwise. However, the instant Motion to Dismiss is based on the fact that Plaintiff failed to actually allege facts in the Complaint that could entitle him to relief. Instead of providing citations to authority or substantive argument to defeat the Union Defendants' well-supported Motion to Dismiss, Plaintiff instead inaccurately summarizes his own allegations from the Complaint in his Memorandum in Opposition. This Court should dismiss Plaintiff's claim against the Union Defendants for failure to state a claim.

Plaintiff first contends that the Union Defendants[1] failed to adequately represent him by "failing to include his complaints of discrimination, harassment, and disparate treatment in the

---

[1] In his Memorandum in Opposition, Plaintiff claims that his allegations in the Complaint "are directed at both the local and international union . . . ." (DKT # 19, Page ID # 66). While Plaintiff does make some allegations against the "unions," the vast majority of the allegations in the Complaint are against UAW Local 1216 or its officials, not the UAW. (*Compare* DKT # 1, ¶¶ 28-30, Page ID # 5 *with* DKT # 1, ¶ 31, Page ID # 6). Plaintiff's failure to make any **factual** allegations against the UAW or its representatives in the Complaint does not create a "factual question" sufficient to save Plaintiff's claim against the UAW from dismissal.

grievance." (*Id.*, Page ID # 64-65). That assertion is not supported by the language of the Grievance. (Exhibit A to Union Defendants' Motion to Dismiss, DKT # 15-1, Page ID # 49) ("This failure to properly address the situation and the allegations of harassment violates Article 5, Sections 1 and 2…HR has not thoroughly investigated [Plaintiff's] complaints, placing [Plaintiff] back in A11 without resolution, thereby enabling continued harassment and discrimination."). Plaintiff asserts that there are factual disputes about the Grievance that cannot be resolved at this stage of the proceedings. (Memorandum in Opposition, DKT # 19, Page ID # 65). That is not true. Plaintiff does not dispute the authenticity of the Grievance, which has become part of the Complaint itself by virtue of Plaintiff's reference thereto and incorporation thereof in the Complaint. *Branning*, 2020 WL 3275716, at *2. There is no factual dispute about the content of the Grievance and no support therein for Plaintiff's assertion that the Union Defendants failed to include his complaints of discrimination, harassment, and disparate treatment.

Plaintiff next asserts that the Union Defendants failed "to permit him to speak with his union representative during the investigation." (Memorandum in Opposition, DKT # 19, Page ID # 65). That is not an accurate recitation of the actual allegations in the Complaint. Indeed, Plaintiff alleged in the Complaint that he was not allowed to make a statement to his union representatives in connection with his being escorted out of the building by the plant manager. (DKT # 1, ¶¶ 20-21, Page ID # 4). Plaintiff was therefore complaining about conduct of his employer, Defendant Ventra Sandusky, LLC ("Ventra"), not the Union Defendants. What is more, by Plaintiff's own account, he did communicate with his UAW Local 1216 representatives during the investigation, as he alleged that two of them attended an over-the-phone interview with him and Ventra representative Mark Clark. (*Id.*, ¶¶ 22-23). There is no factual support in the Complaint for

Plaintiff's argument in his Memorandum in Opposition or for a claim against the Union Defendants at all.

Third, Plaintiff contends that the Union Defendants violated their duty of fair representation by "failing to file a charge or complaint on his behalf." (Memorandum in Opposition, DKT # 19, Page ID # 65). As a preliminary issue, Plaintiff did not allege in the Complaint that he requested Union Defendants file a complaint or charge outside of the grievance procedure or that they refused any such request. In any event, the Union Defendants' duty of fair representation does not require that they pursue remedies for members outside of those outlined in the relevant collective bargaining agreements. *Vaca v. Sipes*, 386 U.S. 171, 176-77 (1967); *see also Ely v. Newell Rubbermaid, Inc.*, 50 Fed.Appx. 681, 689 (6th Cir. 2002) ("'[a] union does not…have to exhaust every possible remedy requested by a member facing disciplinary action.'"). Plaintiff provided no authority or argument to the contrary in his Memorandum in Opposition. The Union clearly grieved Plaintiff's termination under the relevant collective bargaining agreement, and the facts as actually alleged by Plaintiff in the Complaint do not state a claim for relief against the Union.

Finally, Plaintiff claims that the Union Defendants breached the duty of fair representation by "allowing a potential conflict of interest to affect his representation." (Memorandum in Opposition, DKT # 19, Page ID # 65). Again, that is not an accurate representation of what Plaintiff alleged in the Complaint. Plaintiff alleged in the Complaint that a **potential** conflict of interest existed because a UAW Local 1216 representative, Stephanie Todd, is married to one of Plaintiff's supervisors. (DKT # 1, ¶ 28, Page ID # 5). Plaintiff did not allege that Ms. Todd was in any way involved with representing him at any time relevant to his termination from Ventra, or that she in any way affected his Union representation. There is no factual support in the Complaint for the

contention that the Union Defendants "allowed" any potential conflict to impair their representation of him. Plaintiff's statements concerning Ms. Todd are therefore conclusory and insufficient to withstand the instant Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court should grant the Union Defendants' Motion.

## III.  CONCLUSION

This Court should dismiss Plaintiff's claim against the Union Defendants because it is time-barred and because he failed to state a plausible claim for relief. For these reasons and all of the reasons set forth herein and in the Union Defendants' Motion to Dismiss, the Union Defendants respectfully request that this Court grant their Motion to Dismiss, dismiss this Action in its entirety, and grant any and all other relief that the Court deems warranted.

Respectfully submitted,

**JOYCE GOLDSTEIN & ASSOCIATES**

**Of Counsel:**

*/s/ Lane C. Hagar*
Kristin Seifert Watson (0078032)
Lane C. Hagar (0101110)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:     (614) 461-4455
Facsimile:     (614) 621-6293
Email:         kwatson@cloppertlaw.com
               lhagar@cloppertlaw.com

Joyce Goldstein (0029467)
Joyce Goldstein & Associates
3080 Laurel Road
Cleveland, Ohio 44120
Telephone:     (216) 771-6633
Facsimile:     (216) 509-2542
Email:         jgoldstein@ggcounsel.com

*Counsel for Defendants UAW and UAW Local 1216*

7

## <u>STATEMENT OF COMPLIANCE</u>

This case has been assigned to the Standard Track. This Memorandum complies with the

page limitations set forth in Local Rule 7.1(f).

Respectfully submitted,


*/s/ Lane C. Hagar*
Lane C. Hagar (0101110)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on December 23, 2025, using the Court's CM/ECF system. All parties may access this filing utilizing the Court's ECF system.

Respectfully submitted,

*/s/ Lane C. Hagar*
Lane C. Hagar (0101110)