s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| Terry Dickerson, | : | Case No. 3:25-cv-01443-JRK |
| Plaintiff, | : | (Hon. James R. Knepp II) |
| vs. | : | **MEMORANDUM IN SUPPORT OF DEFENDANT VENTRA SANDUSKY, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| Ventra Sandusky, LLC, *et al.*, | : | |
| Defendants. | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

## I.  INTRODUCTION

Defendant Ventra Sandusky, LLC ("Ventra Sandusky"), moves this Honorable Court to grant summary judgment in its favor because Plaintiff Terry Dickerson ("Dickerson") did not timely file his Title VII claims against Ventra Sandusky. Pursuant to 42 U.S.C. § 2000e-5(f)(1), an individual must file a lawsuit asserting Title VII claims within 90 days of receipt of a right to sue letter from the Equal Employment Opportunity Commission. The Sixth Circuit Court of Appeals has held that the clock begins to run once the person or his attorney received the right to sue letter, "whichever comes first." *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016). Dickerson filed his Complaint against Ventra more than 90 days after his counsel received the right to sue letter. Accordingly, his Complaint was not timely filed so Count 1 asserted against Ventra Sandusky should be dismissed.

1

8255080.1

## II.  **FACTUAL BACKGROUND**

Ventra Sandusky is a plastics manufacturer located in Sandusky, Ohio. (Doc # 1, Complaint ¶ 2.) Ventra Sandusky employed Dickerson as a forklift operator at Ventra Sandusky for eight years. (*Id*. at ¶ 7.) Ventra Sandusky terminated Dickerson's employment.  (*Id*. at ¶ 23.) In his Complaint, Dickerson alleges he suffered from racial discrimination, and asserted one Count of race discrimination in violation of Title VII against Ventra Sandusky. (*Id*. ¶¶ 4, 7-25.)

The Equal Employment Opportunity Commission (EEOC) issued Mr. Dickerson a right to sue letter on April 7, 2025. (*Id.*, ¶ 6.) During the EEOC proceedings, Dickerson filed the charge of discrimination *pro se*, and communicated with the EEOC via email addresses that he provided to the EEOC. (Exhibit A at pgs. 32-39, 48.)[1] The EEOC's processing of charges of discrimination is largely electronic, and two separate EEOC investigators explained to Dickerson how the online portal worked. (*Id*. at pgs. 42, 50.) One of these investigators also advised Dickerson that if he were issued a Right to Sue letter, he would have "90 days to independently file your own lawsuit in court from the moment you receive the letter…" (*Id*. at p. 50.) Dickerson signed and filed his charge electronically through the portal (*Id*. at pgs. 35-36, 42.)

On February 18, 2025, Bethany Studenic of the firm Sobel Wade & Mapley entered an appearance of representation as Dickerson's counsel. (*Id.* at pg. 52.) According to the EEOC's Case Information and Activity Log, there is no indication that Attorney Studenic ever withdrew as

---

[1] Exhibit A is a true and accurate copy of the Investigative File received in response to a Freedom of Information Act request as to Dickerson's Charge of Discrimination against Ventra Sandusky. The Investigative File has been authenticated by Bridget Lange, Government Specialist-FOIA. Ex. A, at p. 1. The Court can review investigative files for purposes of determining timeliness/exhaustion of remedies on a motion for summary judgment. *See Watson v. Ohio Dep't of Rehab. & Correction*, 167 F. Supp. 3d 912, 922 (S.D. Ohio 2016), *aff'd*, 690 F. App'x 885 (6th Cir. 2017); *Hall v. XPO Logistics Freight, Inc.*, 2022 WL 989084, *5-7 (M.D. Tenn. March 31, 2022); *Martinez v. Johnson*, 2020 WL 5530170, at *1 (M.D. Tenn. Sept. 15, 2020), as amended (Sept. 16, 2020). The Activity Log, Notes, summaries, and reports from the EEOC investigators are admissible under the public record hearsay exception. Evid.R. 803(8). Dickerson's communications with the EEOC investigators are not hearsay because they are party-opponent statements. Evid.R. 801(d)(2).

8255080.1

his counsel, nor did Dickerson communicate to the EEOC that he had terminated Attorney Studenic's representation. (*Id.* at pgs. 19-39.)[2]

On April 3, 2025, Marvin Patten, Federal Investigator with the EEOC, called Attorney Studenic and advised that the EEOC would be issuing a Right to Sue letter. (FOIA Response, p. 40.) Patten asked Attorney Studenic to explain to Dickerson that a Right to Sue letter was forthcoming, and that he would have 90 days to file a lawsuit in federal court. (*Id*.) Attorney Studenic agreed to advise Dickerson of this development in his case. (*Id*.) Patten advised that the Right to Sue letter may be issued that following Monday, April 7, 2025. (*Id*.)

The EEOC did in fact issue the Right to Sue letter on April 7, 2025. (*Id.* at pg. 23.) On April 7, 2025, Attorney Studenic and Dickerson were separately advised via email that a new document had been uploaded to the web portal for them to access. (*Id*.)  On April 7, 2025, Attorney Studenic downloaded and received the Right to Sue letter. (*Id*.)

Dickerson filed the Complaint on July 9, 2025, 93 days after his counsel received the Right to Sue letter. In early December 2025, Ventra Sandusky requested Dickerson to voluntarily dismiss his claims against Ventra Sandusky for the reasons stated herein. Doc # 20, PageID # 70. To date, Dickerson has not produced any facts or evidence to contest the fact that his Complaint was not timely filed, but instead, forced Ventra Sandusky to needlessly incur attorneys' fees and costs to brief the instant Motion.

---

[2] Dickerson's counsel's notice of appearance and communications with the EEOC investigators are not hearsay as they are statements of a party opponent. Evid.R. 801(D)(2). *See U.S. v. Collins*, 97 Fed.Appx. 629, 632 (6th Cir. 2004) (attorney's demand letter admissible as party employed attorney to send it); *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555 (6th Cir. 1986) ("It is the general rule that statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney." The *Williams* Court ruled that administrative claims and pleadings filed by an attorney can be used as evidentiary admissions.) (quotation omitted).

8255080.1

## III.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule 56(a), summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."  To survive a motion for summary judgment, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). As the Sixth Circuit Court of Appeals held in *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012), "a mere "scintilla" of evidence in support of the non-moving party's position is insufficient to defeat summary judgment;  rather,  the non-moving party must present  evidence  upon  which  a reasonable jury could find in her favor." "The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact." *Torba v. J.M. Smucker Co.*, 888 F.Supp. 851, 852 (N.D. Ohio 1995). The non-moving party cannot just claim there is "some metaphysical doubt as to material facts." *Id*.

## IV.  LAW AND ARGUMENT

### A.  Dickerson Failed to Timely File His Title VII Claim Against Ventra Sandusky.

Summary judgment should be granted in favor of Ventra Sandusky as Dickerson did not timely file his civil action asserting a Title VII claim. To file a Title VII civil action, an individual must first meet the statutory prerequisites of filing a charge of discrimination with the EEOC, exhausting administrative remedies, and receiving a Right to Sue letter. *Johnson v. Toledo Board of Education of Toledo City School District*, 2023-Ohio-1306, ¶ 39 (6th Dist.). The individual must first file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act if the individual's state has an agency that also processes and investigates charges of employment discrimination. 42 U.S.C. § 2000e-5(b), (e)(1). If the EEOC determines that no reasonable cause exists that the employer acted with discrimination, the EEOC must dismiss the

4

charge and notify the charging party, the respondent, and their representatives (if any) of its decision and their rights. 42 U.S.C. § 2000e-5(b). The charging party must then initiate a civil action within 90 days of receiving the Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1). The Sixth Circuit Court of Appeals strictly enforces the statute of limitations imposed by Title VII, and the 90-day statute of limitations should not be extended even by one day. *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016). *See also Johnson v. U.S. Postal Service*, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (holding plaintiff's filing of an appeal during the EEOC administrative proceedings one day late failed to exhaust administrative remedies, warranting dismissal of Title VII claims).

A charging party's *attorney's* receipt of the right to sue letter will start the clock, as the Sixth Circuit Court of Appeals held in the directly analogous case of *Rembisz*. In *Rembisz*, the plaintiff filed the Complaint one day late, based on the date that the plaintiff received the Right to Sue letter. 830 F.3d 681, at 683. The plaintiff then attempted to use the date that his attorney received the Right to Sue letter, as his attorney received the Right to Sue letter a few days later, which would have brought him within the 90-day window. *Id*. However, the Sixth Circuit held: "a notice of final action is 'received' when the [agency] delivers its notice to a claimant or the claimant's attorney, **whichever comes first**." *Id*. quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (quotations omitted) (**emphasis** added).

Here, there is no dispute as to the date that Dickerson's counsel received the Right to Sue letter on April 7, 2025, and no dispute that the instant lawsuit was filed more than 90 days after that date. The EEOC's Activity Log evidences that Ms. Studenic was advised via email on April 7, 2025 that an important document was uploaded to the portal, and the Activity Log further evidences that Attorney Studenic actually downloaded and received the Right to Sue letter on the same day. (FOIA Response, p. 23.) Pursuant to the binding Sixth Circuit precedence of *Rembisz*,

the clock started to run when either Attorney Studenic or Dickerson received the Right to Sue, whichever came first. Accordingly, the clock started on April 7, 2025. Indeed, even though the date that Attorney Studenic received the Right to Sue letter is dispositive, there is also no material dispute of fact that Dickerson was also sent an email by the EEOC on April 7, 2025 with a link to the Right To Sue letter.  Dickerson's Complaint was not filed until day 93, making it untimely, and requiring dismissal.

## V.  CONCLUSION

For the reasons stated herein, there is no material dispute of fact or law that Dickerson's Title VII claims against Ventra Sandusky are untimely.  As such, Ventra Sandusky respectfully requests that this Court grant its Motion for Summary Judgment in its entirety.  In addition, because Ventra Sandusky brought this issue to Plaintiff's attention and no substantive explanation was provided for proceeding with this case, Ventra Sandusky requests that the Court consider awarding Ventra Sandusky the fees and costs incurred it incurred to file this motion if Plaintiff again fails to voluntarily dismiss this case with prejudice upon his receipt of this motion.

Respectfully submitted,

/s/  Daniel S. Dubow
Lynn Vuketich Luther (0075166)
Daniel S. Dubow (0095530)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email:  LVLuther@eastmansmith.com
Email:  DSDubow@eastmansmith.com

Attorneys for Defendant Ventra Sandusky, LLC

6

8255080.1

**CERTIFICATION OF COMPLIANCE WITH RULE 7.1(f)**

The undersigned hereby certifies that this case has been assigned to the standard track, and that this Motion complies with the requirements set forth by Local Rule 7.1(f).

/s/  Daniel S. Dubow
Lynn Vuketich Luther (0075166)
Daniel S. Dubow (0095530)

**PROOF OF SERVICE**

A copy of the foregoing has been electronically filed on February 4, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

/s/  Daniel S. Dubow
Lynn Vuketich Luther (0075166)
Daniel S. Dubow (0095530)

8255080.1