IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Terry Dickerson                        Case No. 3:25-cv-01443-JRK

        Plaintiff,                     Hon. James R. Knepp

v.
Ventra Sandusky, LLC, et al.

        Defendants.


**PLAINTIFF'S OPPOSITION TO DEFENDANT VENTRA SANDUSKY,
LLC'S MOTION FOR SUMMARY JUDGMENT**


**1.  Introduction**

Defendant Ventra Sandusky, LLC seeks summary judgment on a single threshold issue: whether Plaintiff's Title VII claim is barred by the ninety-day filing period in 42 U.S.C. § 2000e-5(f)(1). The motion should be denied. At minimum, the present record does not establish the absence of a genuine dispute as to the operative date of receipt, whether counsel's alleged portal access conclusively triggered the limitations period under the circumstances presented here, and whether equitable tolling applies. And if the Court concludes the present record is insufficiently developed, the Ventra's motion should be overruled.

Ventra's motion relies on an EEOC file produced outside the pleadings and asks the Court to resolve factual inferences in

1

Ventra's favor concerning electronic delivery, counsel status, actual notice, and the timing and legal effect of portal activity. But on summary judgment, all reasonable inferences must be drawn for Plaintiff, not Ventra. Because the present record does not eliminate factual disputes material to timeliness, Ventra is not entitled to judgment as a matter of law.

## 2. Statement of Relevant Background

Plaintiff alleges that Ventra subjected him to race-based harassment and a hostile work environment, culminating in his termination. The Complaint further alleges that the EEOC issued a right-to-sue notice on April 7, 2025, that the notice was mailed that same day, and that it was received after April 10, 2025. Plaintiff filed this action on July 9, 2025.

Ventra's motion asserts that the claim is untimely because an attorney who had appeared during the EEOC proceedings allegedly downloaded the right-to-sue notice from the EEOC portal on April 7, 2025, making July 9, 2025 the ninety-third day. To support that theory, Ventra relies on EEOC portal and activity-log materials attached to its motion.

That showing does not eliminate genuine disputes of material fact. The present record, at least as framed by Ventra, leaves unresolved such matters as the precise status and scope of

counsel's representation at the time of the EEOC notice, whether counsel's portal activity constituted operative receipt for limitations purposes under the facts here, whether and when Plaintiff himself actually received or accessed the notice, and whether any short delay should be excused under equitable principles. Those issues are material because Ventra's timeliness defense depends on them.

### 3. Standard of Review

Summary judgment is proper only where the movant shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. A limitations defense may be resolved on summary judgment only if the record, construed in Plaintiff's favor, forecloses a genuine factual dispute on the date of receipt and any applicable tolling principles.

The ninety-day period in Title VII is a statute of limitations, not a jurisdictional bar, and is therefore subject to waiver, estoppel, and equitable tolling.

**4. Argument**

**I. Ventra Has Not Shown the Absence of a Genuine Dispute as to the Operative Date of Receipt.**

Ventra's motion rests on the premise that the limitations period necessarily began on April 7, 2025, because the EEOC activity log reflects portal notice and an alleged download by counsel on that date. But that premise does not entitle Ventra to summary judgment on this record.

First, the Complaint affirmatively alleges that the right-to-sue notice was received after April 10, 2025. At the summary-judgment stage, Ventra must do more than produce an administrative log and ask the Court to draw all factual and legal inferences in its favor. The question is not whether Ventra has offered evidence supporting its theory; it is whether the present record eliminates any genuine factual dispute.

Second, although Rembisz v. Lew, 830 F.3d 681, states that notice is received when delivered to the claimant or the claimant's attorney, whichever comes first, Ventra still must establish the predicate facts necessary to apply that rule here. The motion assumes, rather than conclusively establishes, that counsel was still acting as Plaintiff's attorney for purposes of receipt of the right-to-sue notice, that counsel's portal access was the functional equivalent of receipt under the EEOC's

4

electronic system, and that no factual circumstance limits or distinguishes the application of that rule on this record.

Third, the fact that Plaintiff's former counsel may also have received an email that a document had been uploaded does not necessarily resolve when Plaintiff actually received the right-to-sue notice itself, accessed it, or understood its import. Ventra's motion conflates notice of a portal upload with definitive receipt of the operative right-to-sue letter. On summary judgment, those distinctions matter.

At a minimum, the current record permits competing inferences regarding when operative receipt occurred. Because timeliness turns on that factual issue, summary judgment is improper.

## II. Equitable Tolling Precludes Summary Judgment on the Present Record.

Even if Ventra had made a prima facie showing on the start date, the motion still fails because Title VII's ninety-day filing period is subject to equitable tolling. See Graham-Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552 (6th Cir. 1999) Irwin v. Department of Veterans Affairs, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

To be sure, equitable tolling is applied sparingly. But sparing application does not mean categorical unavailability. The

doctrine exists for precisely those situations in which rigid application of a filing deadline would be inequitable despite a plaintiff's reasonable diligence.

Here, the record does not foreclose tolling. Ventra's theory depends on electronic portal events, the legal significance of counsel's alleged download, and assumptions about communication between counsel and Plaintiff. The motion does not establish beyond factual dispute whether Plaintiff was contemporaneously informed that the right-to-sue letter had issued, whether Plaintiff reasonably relied on counsel or the EEOC process, whether any confusion arose from the portal-based notification system, or whether the slight timing gap asserted by Ventra resulted from circumstances outside Plaintiff's control rather than lack of diligence.

Those issues are material under the governing tolling authorities. A short delay tied to uncertainty in receipt, transmission, attorney communication, or access to an electronically issued notice is not the sort of issue that should be resolved against the nonmovant on an undeveloped paper record. At the very least, Ventra has not shown that no reasonable factfinder could conclude equitable tolling applies.

Accordingly, even if the Court were to find a factual basis for Ventra's proposed April 7 start date, summary judgment still

6

should be denied because the current record does not foreclose equitable tolling as a matter of law.

Conclusion

For all of these reasons, Defendant Ventra Sandusky, LLC's motion for summary judgment should be denied. Alternatively, the Court should defer ruling under Rule 56(d), permit limited discovery directed to the timeliness issue, and allow supplemental briefing after that discovery is completed.

Respectfully submitted,

/s/Richard E. Hackerd_____
**RICHARD E. HACKERD**
Attorney Reg. #0055306
55 Public Sq., Suite 2100
Cleveland, OH  44113
216.241.8282 (office)
216.619.8300 (fax)
richard@hackerd.com (E-mail)
Attorney for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served by ECF this _6th____ day of ___MAR_____, 2026 upon:


Daniel Dubow and Lynn Viketich Luther, representing Ventra Sandusky, LLC at DSDubow@eastmansmith.com and LVLuther@eastmansmith.com

Lane C. Hagar and Joyce Goldstein, Kristin Siefert Watson , representing UAW and UAW Local 1216 at lhagar@cloppertlaw.com and jgoldstein@ggcounsel.com and kwatson@cloppertlaw.com.


/s/Richard E. Hackerd_____
Richard E. Hackerd
Attorney for Plaintiff