s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| Terry Dickerson, | : | Case No. 3:25-CV-01443-JRK |
| Plaintiff, | : | Hon. James R. Knepp II |
| vs. | : | **DEFENDANT VENTRA SANDUSKY, LLC'S REPLY IN SUPPORT OF ITS** |
| Ventra Sandusky, LLC, *et al.*, | : | **MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

## I.  INTRODUCTION

Plaintiff Terry Dickerson ("Dickerson") does exactly what he is not permitted to do in response to a Motion for Summary Judgment: rely purely on speculation and metaphysical doubts. *Torba v. J.M. Smucker Co.*, 888 F.Supp. 851, 852 (N.D. Ohio 1995). In response to Defendant Ventra Sandusky, LLC's ("Ventra Sandusky") Motion for Summary Judgment, which was supported by the certified Freedom of Information Act ("FOIA") response records, Dickerson simply suggests it is possible that this evidence is wrong, without providing any actual testimony or evidence of his own. This falls below the requirement that Dickerson "present evidence upon which a reasonable jury could find in [his] favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012). Dickerson does not identify any evidence to contest the FOIA record that shows his former counsel received the Right to Sue letter on April 7, 2025, or to contradict the FOIA records that show his counsel was representing him at the time of receiving the Right to Sue letter. Dickerson likewise seems to ignore that the clock starts when he or his counsel receives the Right

8361230.1

to Sue letter, "whichever comes first." *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016). Accordingly, despite the claims made in his Opposition, it does not matter when Dickerson received the Right to Sue letter because the FOIA response demonstrates that his former counsel received it on April 7, 2025. Because Dickerson cannot point to any evidence to dispute the date that his former counsel received the Right to Sue letter, or to contest that he was still represented at that time, Dickerson cannot establish a genuine issue of material fact that his Complaint was untimely filed.

For the same reasons, Dickerson cannot establish that the Court should apply equitable tolling. Equitable tolling, as Dickerson acknowledges, should only be applied "sparingly." Doc # 25, PageID # 572. It is Dickerson's burden, not Ventra Sandusky's burden, to establish he is entitled to equitable tolling. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). However, Dickerson does not provide any facts to support why the Court should apply the exception to the rule. As such, equitable tolling should not be applied here.

Finally, Dickerson's request for additional time to conduct discovery per Civ.R. 56(d) underscores the very reason his claims against Ventra Sandusky should be dismissed: Dickerson, and Dickerson alone, holds the evidence necessary to contest Ventra Sandusky's Motion, but has chosen to not present anything in response to Ventra Sandusky's Motion. Additional time for discovery per Civ.R. 56(d) is only granted "when facts are unavailable to the nonmovant." Whether Dickerson's former counsel received the Right to Sue letter; whether that counsel still represented Dickerson at the time of receipt; and whether facts exist to support equitable tolling, are all facts available only to Dickerson. Ventra Sandusky pointed out all of these issues to Dickerson when it asked Dickerson to dismiss his claim against Ventra Sandusky back in December 2025—there simply is no reason that Dickerson should not have produced this evidence by now, to the extent

2

8361230.1

it exists at all. For these reasons, the Court should grant Ventra Sandusky's Motion and dismiss Dickerson's claims against it with prejudice.

## II. LAW AND ARGUMENT

### A. Dickerson Has Not Established A Genuine Issue Of Material Fact That His Title VII Claims Against Ventra Sandusky Are Untimely.

Dickerson has not pointed to any specific facts or law to contest that his former counsel received the Right to Sue letter on April 7, 2025 triggering the 90-day clock, and rendering his Complaint against Ventra Sandusky untimely. Dickerson misreads or misinterprets Rule 56 to believe that Ventra Sandusky must conclusively establish all of the facts while allowing Dickerson to purely speculate to survive a Rule 56 motion. This is not so. After moving for summary judgment, the non-moving party must still "present evidence upon which a reasonable jury could find in [his] favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012). This means that Dickerson must point out specific record evidence to create a genuine issue of material fact and cannot just claim "some metaphysical doubt as to material facts." *Torba v. J.M. Smucker Co.*, 888 F.Supp. 851, 852 (N.D. Ohio 1995). Dickerson does just that in his Brief in Opposition.

Dickerson speculates and raises metaphysical doubts regarding several issues, but critically fails to present any facts or law of his own to actually establish a material dispute of fact. Importantly, Dickerson does not proffer any law or authority to contest the binding precedent of *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016) which holds that the 90-day clock starts when Dickerson *or his counsel* receives the Right to Sue letter, "whichever comes first."

*1. There is no dispute of fact that Attorney Studenic Received the Right to Sue letter.*

The certified FOIA response conclusively demonstrates that on April 7, 2025 at 12:10 p.m.: "The Charging Party Legal Representative has **Downloaded** Document. Type: Closure Notice/NRTS, FileName:2025-04-07 – Closure Notice-NRTS – EEOC Charge 532-2025-

3

00631.pdf." Doc # 24-2, PageID # 356 (**emphasis** added). Contrary to Dickerson's unsupported assertion in his Brief in Opposition, the Activity Log shows that his former counsel "Downloaded" the Right to Sue letter through the portal—not that it was just emailed to her. Doc # 25, PageID # 572. Dickerson incorrectly, and without any authority, speculates that Ventra Sandusky cannot rely on the FOIA response for its Motion. This unsupported assertion stands against established precedent and the Rules of Evidence. The FOIA response was authenticated by Bridge Lange, a Government Information Specialist-FOIA. Doc # 24-2, PageID # 334. The Activity Log, which captured Dickerson's counsel's download, is not hearsay under the public record hearsay exception, Evid.R. 803(8); and Dickerson's former counsel's communications and actions are not hearsay as they are party-opponent statements. Evid.R. 801(d)(2). *See also Williams v. Union Carbide Corp.*, 790 F.2d 552, 555 (6th Cir. 1986) (attorney's claims and pleadings in the administrative level can be used as evidence in later proceedings).

Ventra Sandusky's Motion proffered at least three cases supporting that courts can review FOIA productions as evidence on a Motion for Summary Judgment. *See Watson v. Ohio Dep't of Rehab. & Correction*, 167 F. Supp. 3d 912, 922 (S.D. Ohio 2016), *aff'd*, 690 F. App'x 885 (6th Cir. 2017); *Hall v. XPO Logistics Freight, Inc.*, 2022 WL 989084, *5-7 (M.D. Tenn. March 31, 2022); *Martinez v. Johnson*, 2020 WL 5530170, at *1 (M.D. Tenn. Sept. 15, 2020), as amended (Sept. 16, 2020). Critically, Dickerson has not proffered any contrary precedent or authority.

Indeed, the Middle District of Tennessee in *Hall*, 2022 WL 989084, *5, n. 5 (**emphasis** added), directly addressed the admissibility of a FOIA response when discussing the plaintiff's argument as to equitable tolling, which Dickerson likewise argues here:

> As discussed more below, Defendant supports this assertion by citing to the copy of the EEOC "Activity Log" provided by Plaintiff in support of her argument for equitable tolling, which shows Plaintiff accessing the EEOC portal as late as June of 2020. (Doc. No. 16-2 at 2). **Defendant thus has provided a colorable basis for its assertion that**

4

8361230.1

**equitable tolling does not apply in this case, but, ultimately more to the point, Plaintiff has not met her burden of showing the existence of a genuine dispute as to the (in)applicability of equitable tolling**.

Here, Ventra Sandusky established a colorable basis that Dickerson's former counsel received the Right to Sue letter. The burden then shifted to Dickerson to present specific evidence to establish a genuine dispute of material fact. He has not done so, and thus, there is no genuine dispute of fact that his prior counsel received and downloaded the Right to Sue letter on April 7, 2025.

Other district courts in and outside of the Sixth Circuit have explicitly held that courts can rely on a FOIA response when reviewing dispositive motions on the issue of whether a lawsuit was timely filed. On point, the Eastern District of Michigan in *Alfredo v. MBM Fabricating Co. Inc.*, 2024 WL 1334305, *3 (E.D. Mich. March 28, 2024) ruled:

> The resolution of this motion turns on what constitutes "receipt" within the meaning of the statute. The age when individuals retrieved mail solely from physical mailboxes attached to their homes is from a by-gone era. The EEOC regulations recognize our evolution to an electronic world, as they permit notice through electronic means. *See* 29 C.F.R. § 1601.3(b) ("For the purposes of this part, the terms file, serve, submit, receive, transmit, present, send, issue, and notify shall include all forms of digital transmission."). As substantiated below, transmission of a communication to an electronic portal, coupled with notice that the portal contains a communication, is sufficient to constitute "receipt" in the computer age.

In *Alfredo*, the Activity Log reflected that both the plaintiff and his counsel had accessed and downloaded documents from the portal in the past. *Id*. at *3. Although neither downloaded the Right to Sue letter from the portal, the Activity Log showed that the investigator emailed both multiple times to let them know an important document was in the portal, and ultimately, directly emailed on August 23, 2022, that the Right to Sue letter was available. *Id*. The court ruled that the plaintiff received the Right to Sue letter on August 23, 2022—the date he knew of its availability. *Id*. The court went on to grant summary judgment because the plaintiff was not able to proffer

5

caselaw or evidence to the contrary. *Id*. at *3-4, n. 3 ("the nonmovant can only survive summary judgment by coming forward with evidence showing there is a genuine issue for trial.").

Similarly, in *McNaney v. Sampson and Morris Group, Inc.*, 2022 WL 1017388, *2 (W.D. Penn. April 5, 2022), the Western District of Pennsylvania ruled it could review a FOIA response on a motion to dismiss. The court ruled that these documents "are public records *and* documents of undisputed authenticity…" so they could be reviewed without converting the motion to a motion for summary judgment. *McNaney*, 2022 WL 1017388, *2. (*emphasis* in original). There, the EEOC investigator emailed the plaintiff's counsel on August 19, 2021 and advised that the "EEOC will be closing the above case and issuing a NRTS." *Id*. On August 20, 2021, the EEOC sent plaintiff's counsel an email advising that the EEOC made a decision on the case and that an important document was available for download. *Id*. Even though the plaintiff's attorney did not actually download the Right to Sue letter on August 20, 2021, the court ruled that the plaintiff received it on August 20, 2021 because her attorney should have been aware that it was issued. *Id*. at *4.

Here, receipt is clearer than in *Alfredo* and *McNaney*. The Activity Log explicitly reflects that Dickerson's counsel *downloaded* the Right to Sue letter, as opposed to merely being emailed a link for its download. Doc # 24-2, PageID # 356. Consistent with *Alfredo* and *McNaney*, Dickerson has not presented any caselaw to dispute that this constitutes receipt; has not presented any facts to dispute that Attorney Studenic in fact received the Right to Sue letter; and has not presented any facts to dispute the authenticity of the FOIA response. As such, the Court should rule there is no dispute of fact that Attorney Studenic received the Right to Sue letter on April 7, 2025.

2. *Dickerson's receipt of the Right to Sue letter is not a material fact.*

There is also no dispute that Dickerson's counsel received the Right to Sue letter before Dickerson. Per *Rembisz*, the clock is triggered by whoever receives it first. Because there is no dispute that Dickerson's former counsel received the Right to Sue letter first, the date of Dickerson's receipt of the Right to Sue letter is not a material fact.

3. *There is no material dispute of fact that Attorney Studenic represented Dickerson at the time she received the Right to Sue letter.*

Finally, Dickerson raises the metaphysical doubt of whether Attorney Studenic "was still acting as Plaintiff's attorney" at the time of receiving the Right to Sue letter. Doc # 25, PageID # 571. After Attorney Studenic entered an appearance for Dickerson, there is no subsequent notice of withdrawal of counsel prior to the issuance of the Right to Sue letter in the FOIA response. Doc # 24-2, PageID # 355-365. Once again, although Ventra Sandusky presented colorable evidence that Dickerson was represented at the time that Attorney Studenic received the Right to Sue letter, Dickerson has not presented any evidence to the contrary. Accordingly, there is also no dispute of fact that Dickerson was represented by Attorney Studenic at the time, and per *Rembisz*, could receive the Right to Sue letter on his behalf, which triggered the 90-day period to file this lawsuit.

With Dickerson failing to proffer any evidence in response to Ventra Sandusky's Motion for Summary Judgment, there is no genuine dispute of fact that Dickerson's former counsel received the Right to Sue letter on April 7, 2025, and that the lawsuit was filed more than 90 days after that date.  As such, there is no dispute of fact that Dickerson's Complaint filed against Ventra Sandusky was not timely, and the Court should grant Ventra Sandusky's Motion for Summary Judgment.

8361230.1

**B.  Dickerson Failed to Present Specific Facts Warranting Equitable Tolling.**

The Court should not apply equitable tolling because Dickerson failed to present any evidence to support application of this doctrine. The 90-day window to file a Title VII claim may be equitably tolled, but this is only available "in compelling cases which justify a departure from established procedures." *A've v. Michigan Dep't of Corr.*, 12 F. App'x 293, 295 (6th Cir. 2001). **<u>Dickerson, not Ventra Sandusky, bears the burden of establishing its application</u>**. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). Failure to present facts to support an argument for equitable tolling dooms this request. *Baldwin v. Wynne*, 2010 WL 11519621, at \*6 (S.D. Ohio July 7, 2010), *aff'd sub nom. Baldwin v. Wright Patterson Air Force Base*, 463 F. App'x 487 (6th Cir. 2012).  *See also Douglas v. ABF Freight Sys., Inc.*, 2016 WL 5104890, at \*6 (S.D. Ohio Sept. 20, 2016). Dickerson, without advancing any authority, is just wrong about who holds the burden on this issue. Dickerson also failed to point to any specific facts to entitle him to equitable tolling, so his request should be denied. *See Hall*, 2022 WL 989084, \*5, n. 5 (ruling no equitable tolling applied where plaintiff failed to rebut evidence in a FOIA response).

Dickerson cites two cases as authority to support his need to equitable tolling, however, *the Sixth Circuit Court of Appeals and the United States Supreme Court declined to apply equitable tolling in both cases. See Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552 (6th Cir.1999); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). In fact, the United States Supreme Court in *Irwin*, 498 U.S. 89, at 96 (footnotes omitted), declined to apply equitable tolling in a case where a plaintiff received a right to sue letter holding:

> But an examination of the cases in which we have applied the equitable tolling doctrine as between private litigants affords petitioner little help. Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We

8

8361230.1

have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

Here, Dickerson did not file a defective pleading during the statutory period. Dickerson has not presented any facts that he was tricked or induced by Ventra Sandusky to file his Complaint late. Instead, the undisputed facts are that Dickerson's former counsel received the Right to Sue on April 7, 2025, but then he filed his Complaint outside of the 90-day window. Because Dickerson has not presented any specific facts to show he attempted to pursue his claims within the 90-day window and did not show that Ventra Sandusky somehow prevented him from timely filing his Complaint, the Court should not apply equitable tolling.

*Graham-Humphreys*, also proffered by Dickerson, is similarly fatal to his argument. There, the Sixth Circuit recognized that equitable tolling should only apply "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control," and that absent compelling considerations, "a court should not extend limitations by a single day." *Graham-Humphreys*, 209 F.3d 552, at 560-561. Dickerson has not presented any facts demonstrating that circumstances arose beyond his control to prevent him from timely filing his Complaint. Because Dickerson has not met his burden of placing specific facts in the record to justify equitable tolling, the Court should deny this request.

III.  **DICKERSON'S ALTERNATIVE CIV.R. 56(d) REQUEST IS DEFICIENT BECAUSE THE FACTS ARE AVAILABLE TO HIM.**

Dickerson's unsubstantiated request for additional time for limited discovery per Civ.R. 56(d) further illustrates why Ventra Sandusky's Motion should be granted - Dickerson, who is required to present specific facts in response to a motion for summary judgment, has not presented any facts which are under his sole possession. The whole point of a Civ.R. 56(d) motion for additional time for discovery is "when facts are unavailable to the nonmovant." Civ.R. 56(d).

9

Whether Dickerson was represented at the time that his former counsel received the Right to Sue letter is a fact that is available to Dickerson. Whether Dickerson has any facts that would support an argument for equitable tolling, are facts that are available to Dickerson. For whatever reason, Dickerson has declined to place any of his own evidence into record. Because the facts and evidence that Dickerson requires to rebut Ventra Sandusky's Motion are available to him, the Court should not grant this request. *See Whiteside v. Collins*, 2012 WL 2374723, at *3 (S.D. Ohio June 22, 2012) (denying 56(d) motion where plaintiff "already knew" the information it claimed it needed); *Storm v. Swiger*, 2008 WL 4560749, at *5 (N.D. Ohio July 31, 2008), *report and recommendation adopted*, 2008 WL 4560746 (N.D. Ohio Oct. 9, 2008) (denying 56(d) motion where litigant "should already have his hands" on the evidence requested); *Chesner v. Stewart Title Guar. Co.*, 2008 WL 5705707, at *4 (N.D. Ohio July 2, 2008) (denying 56(d) motion because "Plaintiffs already possess some facts," and "the record is sufficient to permit Plaintiffs to oppose summary judgment.").

Dickerson's request per Civ.R. 56(d) should be denied for the additional reason that it does not comply with the requirement to attach an affidavit or declaration providing the specific reasons that Dickerson needs additional time for discovery. Failure to submit an affidavit or declaration along with a Rule 56(d) motion renders it improper. *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 226 (6th Cir. 2015); *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 344-345 (6th Cir. 2011). *See also*, *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (Rule 56(d) motion not properly supported based on speculation alone). As such, Dickerson's alternative request per Civ.R. 56(d) should be denied.

## IV.    CONCLUSION

For the foregoing reasons, and for the reasons stated in Ventra Sandusky's Memorandum in Support of its Motion for Summary Judgment, there is no material dispute of fact or law that Dickerson's Title VII claims against Ventra Sandusky are untimely.  Ventra Sandusky respectfully requests that this Court grant its Motion for Summary Judgment in its entirety.  Ventra Sandusky reiterates its request per Civ.R. 11(c)(3) that the Court consider awarding Ventra Sandusky the fees and costs incurred to file its Motion and Reply Brief because Dickerson still has not presented any facts or law to support that this claim was timely, even after being placed on notice of these deficiencies in December 2025.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/  Daniel S. Dubow
Lynn Vuketich Luther (0075166)
Daniel S. Dubow (0095530)
One SeaGate, 27th Floor
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email:  LVLuther@eastmansmith.com
Email:  DSDubow@eastmansmith.com

Attorneys for Defendant
Ventra Sandusky, LLC

## CERTIFICATION OF COMPLIANCE WITH RULE 7.1(f)

The undersigned hereby certifies that this case has been assigned to the standard track, and that this Reply complies with the requirements set forth by Local Rule 7.1(f).

/s/  Daniel S. Dubow
Daniel S. Dubow (0095530)

11

8361230.1

## PROOF OF SERVICE

A copy of the foregoing has been electronically filed on March 20, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

/s/ Daniel S. Dubow
Attorneys for Defendant
Ventra Sandusky, LLC

8361230.1