# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **TERRY DICKERSON,** | CASE NO. 3:25 CV 1443 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **VENTRA SANDUSKY, LLC, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Currently pending in this case is the Union Defendants[1] Motion to Dismiss (Doc. 15) Plaintiff Terry Dickerson's breach of the duty of fair representation claim and employer Ventra Sandusky, LLC's ("Ventra") Motion for Summary Judgment (Doc. 24) on Plaintiff's employment discrimination claim. Both Motions are fully briefed and decisional. *See* Docs. 19, 22, 25, 26. Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, the Court grants both Motions.

## BACKGROUND

Complaint's Allegations

Plaintiff, an African-American man, was employed by Ventra as a forklift operator for eight years. (Doc. 1, at 2). UAW and UAW Local 1216 represented Plaintiff pursuant to a collective bargaining agreement. *Id.* Plaintiff was subjected to unwelcome conduct from a fellow worker, Chad Gregory; Gregory is Caucasian. *Id.* at 3. "On three or four occasions prior to

---

1. The Union Defendants are International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local 1216 ("UAW Local 1216").

August 16, 2024," the two had "disputes." *Id.* In "early August 2024," things escalated, with Gregory calling Plaintiff a racial slur during work. *Id.* Plaintiff additionally describes a specific interaction between the two on August 16, 2024, wherein Gregory interfered with Plaintiff's ability to do his job and again called Plaintiff racial slurs. *Id.* at 3-4. This caused Plaintiff "to become upset." *Id.* at 4.

Plaintiff reported Gregory's behavior to his supervisor Bill Todd, but Todd "was uninterested." *Id.* at 4. Bill Todd's wife Stephanie Todd "is the union representative for Local 1216" which Plaintiff asserts "create[es] a potential conflict of interest." *Id.* at 5. Plaintiff was not permitted to give a written statement about the incidents. *Id.* at 4. The Plant Manager escorted Plaintiff out of the building. *Id.* He was not permitted to make a statement or speak with Union representatives "about his side of the confrontation." *Id.* The Human Resources Department later interviewed Plaintiff by phone; Union Representative Alan Keegan, Union Vice President Annette Welch Lippart, and company representative Mark Clark were on the call. *Id.*

Plaintiff was subsequently terminated. *Id.* He "pointed out to union officials, including Union president Nick Nimitz of Local 1216, that other individuals . . . received less harsh treatment for similar or worse infractions." *Id.* at 5. Plaintiff asserts he was not permitted to speak with his Union representatives during the investigation. *Id.* Although Local 1216 later filed a grievance on his behalf, "it failed to include his complaints of discrimination, harassment, and disparate treatment." *Id.* He asserts the Unions, "through representatives Stephanie Todd, Alan Keegan, and Annette Welch Lippard, acted arbitrarily or in bad faith by failing to file a charge or complaint on [Plaintiff's] behalf and omitting his discrimination claims from the grievance." *Id.* at 6.

The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue letter on April 7, 2025. *Id.* at 2. The Complaint asserts the letter was "mailed the same day, and was received after April 10th, 2025." *Id.*

Grievance

Union Defendants attach to their Motion to Dismiss the grievance filed by UAW Local 1216 on Plaintiff's behalf. (Doc. 15-1). The grievance is dated August 30, 2024, and cites Plaintiff's date of termination as August 23, 2024. *Id.*

EEOC Proceedings

Ventra provides, in support of its summary judgment motion, a copy of Plaintiff's EEOC proceedings file, obtained pursuant to the Freedom of Information Act ("FOIA"). (Doc. 24-3).

Plaintiff, proceeding *pro se* before the agency, filed a charge of discrimination with the EEOC on November 11, 2024. *See* Doc. 24-3, at 19.

On February 18, 2025, attorney Bethany Studenic entered an appearance as Plaintiff's counsel. (Doc. 24-2, at 52-53). There is no indication in the EEOC Case Information and Activity Log that Studenic ever withdrew nor that Plaintiff informed the EEOC he had terminated Studenic as his attorney. *Id.* at 19-39.

On April 3, 2025, Marvin Patten, an EEOC Investigator, called Studenic and advised that a right to sue letter would be issued following approval from his supervisor, possibly on Monday, April 7, 2025. *Id.* at 40.

On April 7, 2025, the EEOC issued the right to sue letter. *Id.* at 5; *see also id.* at 23. According to the EEOC Activity Log, both Studenic and Plaintiff were notified via email that a new document had been uploaded to the EEOC web portal for them to access. *Id.* at 23. The

3

Activity Log indicates Studenic downloaded the right to sue letter that same day. *See id.* The

right to sue letter stated:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.

*Id.* at 5.

The Complaint in this case was filed on July 9, 2025. (Doc. 1).

**STANDARD OF REVIEW**

<u>Motion to Dismiss</u>

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the

complaint's legal sufficiency. The Court is required to accept the allegations he complaint as

true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King &

Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual

allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a

complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a

short and plain statement of the claim showing that the pleader is entitled to relief").

4

A statute of limitations defense may be appropriately considered on a motion to dismiss. *See Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024) ("[D]ismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'") (quoting *Baltrusaitis v. Int'l Union, United Autoworkers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). Simply stated, "plaintiffs can plead themselves out of court on statute-of-limitations grounds if the complaint alleges facts showing that they did not sue in time." *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024).

Motion for Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any factual matter in dispute; the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific

portions of the record upon which it seeks to rely to create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

**DISCUSSION**

Both the Union Defendants and Ventra Sandusky move for judgment in their favor – the Union for dismissal and Ventra Sandusky for summary judgment. For the reasons set forth below, the Court grants both motions.

<u>Union Defendants' Motion to Dismiss</u>

The Union Defendants contend they are entitled to dismissal on two grounds: (1) statute of limitations, and (2) failure to state a plausible claim for relief.

*Statute of Limitations*

The Union Defendants contend Plaintiff's claim is time-barred as it was not brought within the six-month statutory period. Plaintiff responds that the Complaint "does not establish on its face that Plaintiff's claim is untimely, as factual questions remain regarding when Plaintiff discovered or should have discovered the alleged violations, including the adequacy of the union's representation and the handling of his grievance." (Doc. 19, at 2).

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Such a duty of fair representation claim is brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and is governed by a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983). "Such a claim accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." *Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996). This determination is an objective one, and the

6

plaintiff's actual knowledge is not determinative. *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1000 (6th Cir. 1994) (citations omitted). Additionally, Plaintiff need not "know the *extent* of the alleged breach of the duty of fair representation to file a claim." *Bowerman v. Int'l Union, United Autoworkers*, 646 F.3d 360, 367 (6th Cir. 2011) (emphasis in original).

Plaintiff's duty of fair representation claim is as follows:

27. [Plaintiff's] unions, UAW International and Local 1216, had a duty to fairly represent him in workplace disputes under the collective bargaining agreement with Ventra Sandusky LLC.

28. [Plaintiff] reported Mr. Gregory's harassment and racial slurs to his supervisor, Bill Todd, whose wife, Stephanie Todd, is the union representative for Local 1216, creating a potential conflict of interest.

29. [Plaintiff] was not permitted to speak with his union representative from Local 1216 during the investigation.

30. A grievance was later prepared on [Plaintiff's] behalf by Local 1216, but it failed to include his complaints of discrimination, harassment, and disparate treatment.

31. The unions, through representatives Stephanie Todd, Alan Keegan, and Annette Welch Lippard, acted arbitrarily or in bad faith by failing to file a charge or complaint on [Plaintiff's] behalf and omitting his discrimination claims from the grievance.

32. This failure by UAW International and Local 1216 harmed [Plaintiff], as it prevented proper investigation and resolution of his valid claims, contributing to his termination.

(Doc. 1, at 5-6). The referenced grievance, which the Union Defendants attach to their Motion, is dated August 30, 2024. *See* Doc. 15-1.[2] The grievance references Plaintiff's date of termination as August 23, 2024. *See id.*

---

2. The Court finds it can consider the grievance document in resolving the Motion to Dismiss, as it is "referred to in the Complaint and . . . central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see* Doc. 1, at 5 (citing, as part of duty of fair representation claim, that "[a] grievance was later prepared on [Plaintiff's]

7

Plaintiff filed the Complaint in this case on July 9, 2025. *See* Doc. 1. Therefore, for Plaintiff's duty of fair representation claim to be timely filed, the claim must have accrued on or *after* January 9, 2025, six months prior to the July 9 filing date. Plaintiff's duty of fair representation claim is based on the Union's actions during the investigation that led to his termination and in response to his termination (the grievance). *See* Doc. 1. These events took place in or before August 2024. Although Plaintiff argues there are factual questions "regarding when Plaintiff discovered or should have discovered the alleged violations, including the adequacy of the union's representation and the handling of his grievance," (Doc. 19, at 2), his Complaint pleads no facts to suggest he was unaware of the Unions' actions or inactions at the time they occurred or the contents of the grievance at the time it was filed. *See Bishop v. Lucent Tech.*, 520 F.3d 516, 520 (6th Cir. 2008) ("The obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that 'it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'") (quoting *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 744 (6th Cir. 1992)).[3]

---

behalf by Local 1216, but it failed to include his complaints of discrimination, harassment, and disparate treatment").

3. In *Bishop*, the plaintiffs conceded their complaint did not "affirmatively allege when they acquired actual knowledge of the facts or transaction" underlying the at-issue alleged breach of fiduciary duty. 520 F.3d at 520. They argued "that the court, viewing the complaint in the light most favorable to them for purposes of Rule 12(b)(6) review, must resolve this ambiguity in their favor." *Id.* The Sixth Circuit disagreed, noting the "complaint certainly contain[ed] allegations which, on their face, give rise to the reasonable inference that they must have known . . . that they had been wronged" by a certain date. *Id.* The court therefore upheld the district court's dismissal of the complaint on statute of limitations grounds:

> A complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. *Twombly*, 127 S.Ct. at 1965. The allegations must be enough to "raise a right to relief above the speculative level" and state a claim that is "plausible on its face." *Id.* at 1965, 1974. Where, as here, defendants have highlighted the apparent untimeliness of the complaint, plaintiffs may not simply rely on the bare assertion that they were unaware of the facts

Thus, even taking the facts of the Complaint in the light most favorable to Plaintiff, Plaintiff "discover[ed], or should have discovered with [an] exercise of due diligence, [the] acts giving rise to the cause of action" on or shortly after August 30, 2024, when the grievance was filed. Based on this timing, the six-month statute of limitations expired in early March 2025. *Wilson*, 83 F.3d at 757. The Complaint, filed July 9, 2025, is thus untimely.

The Court therefore grants the Union Defendants' Motion to Dismiss (Doc. 15) on this basis.[4]

Ventra's Motion for Summary Judgment

Ventra also contends it is entitled to dismissal of Plaintiff's employment discrimination claims because Plaintiff did not timely file such claims. Specifically, it asserts it is entitled to summary judgment because the claim was not filed within the 90-day filing period set forth in 42 U.S.C. § 2000e-5(f)(1). Plaintiff responds that summary judgment is not appropriate because "the present record does not establish the absence of a genuine dispute as to the operative date of receipt, whether counsel's alleged portal access conclusively triggered the limitations period under the circumstances presented here, and whether equitable tolling applies." (Doc. 25, at 1). For the reasons set forth below, the Court finds Ventra is entitled to summary judgment.

A plaintiff seeking to recover in an employment discrimination lawsuit filed under Title VII must file a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1). If the EEOC dismisses the charge, it must notify the claimant of the dismissal and their subsequent

---

underlying their cause of action. *LRL Properties*, 55 F.3d at 1107; *Hoover*, 958 F.2d at 744.

*Id.*

4. The Union Defendants also assert, in a footnote, that Plaintiff has not made any specific factual allegations against the UAW itself, which does not control or supervise the local unions. (Doc. 15, at 4 n.4). Because the Court finds the Union Defendants' statute of limitations argument entitles them to dismissal, it need not reach this question or the Union Defendants' additional argument regarding the failure to state a claim.

9

right to bring a civil action. 42 U.S.C. § 2000e–5(f)(1), The claimant must bring the action within 90 days after receiving this notification, called a "Right-to-Sue" letter. *See id.* While the 90-day requirement is not jurisdictional (and therefore is subject to waiver, estoppel, and equitable tolling), "[t]he federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557-60 (6th Cir. 2000); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."); *see also Hudson v. Genesee Intermed. Sch. Dist.*, 2013 WL 6163220, at *4 (E.D. Mich.) ("As many courts have held, 'Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim.'") (collecting cases) (quoting *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001)).

"[A] notice of final action," such as a right to sue letter, "is 'received' when the [agency] delivers its notice to a claimant or the claimant's attorney, whichever comes first." *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92 (1990)); *see also Loubriel v. Fondo del Seguro del Estadol*, 694 F.3d 139, 143 (1st Cir. 2012) ("[N]otice to the attorney is notice to the claimant."). "The Sixth Circuit does not require 'actual receipt of notice by a claimant before the time period begins to run.'" *Peterson v. Hopson*, 2018 WL 3524635, at *3 (W.D. Tenn.) (quoting *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986)).

Plaintiff first argues that Ventra Sandusky's motion "relies on an EEOC file produced outside the pleadings and asks the Court to resolve factual inferences in Ventra's favor concerning electronic delivery, counsel status, actual notice, and the timing and legal effect of portal activity." (Doc. 25, at 2). First, the fact that the evidence is "outside the pleadings" is irrelevant as Ventra's Motion is one for *summary judgment* not *dismissal*. *See* Fed. R. Civ. P. 56. Second, Plaintiff does not explain why the Court cannot consider the contents of the EEOC file for purposes of evaluating the statute of limitations bar, and Ventra cites authority to the contrary. *See* Doc. 24-1 at 2 n.1 (first citing *Watson v. Ohio Dep't of Rehab. & Corr.*, 167 F. Supp. 3d 912, 922 (S.D. Ohio 2016), *aff'd*, 690 F. App'x 885 (6th Cir. 2017); then citing *Hall v. XPO Logistics Freight, Inc.*, 2022 WL 989084, at *5-7 (M.D. Tenn.); and then citing *Martinez v. Johnson*, 2020 WL 5530170, at *1 (M.D. Tenn.)); *see also* Doc. 26 (citing the same authority in reply).[5] And in reply, Ventra presents an additional case involving a similar issue of timeliness in which the district court relied on an EEOC Activity Log and portal access to determine the date a right to sue letter was received. *See Alfredo v. MBM Fabricating Co.*, 2024 WL 1334305, at *3 (E.D. Mich.) ("The record confirms that Alfredo received the right-to-sue letter in August 2022 in a way that is equivalent to a physical letter arriving at a physical mailbox or an electronic message being sent to an electronic mailbox. MBM Fabricating's evidence shows that the right-

---

5 . Ventra further notes Studenic's notice of appearance and communications with the EEOC are not hearsay and would be admissible as statements of a party opponent. *See* Doc. 24-1, at 3 n.2; Fed. R. Evid. 801(D)(2); *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555 (6th Cir. 1986) ("It is the general rule that statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney" and "[a]n administrative claim filed by an attorney may also be an admission of his client.") (citation modified). And Ventra contends the Activity Log is admissible under the public records hearsay exception. (Doc. 24-1, at 2, n.1); Fed. R. Evid. 803(8). The Court agrees the Activity Log and counsel's representation letter are admissible and notes Plaintiff has not filed a Rule 56(c)(2) objection that "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

11

to-sue letter was uploaded to the EEOC portal for Alfredo or his counsel to access in August 2022.").

The evidence before the Court shows Plaintiff's attorney received and downloaded the right to sue letter on April 7, 2025. *See* Doc. 24-2, at 23. The Complaint in this case was filed on July 9, 2025. (Doc. 1). This is 93 days after April 7, 2025.[6] Plaintiff presents no contrary evidence, but vaguely suggests there are questions of fact about "the precise status and scope of counsel's representation at the time of the EEOC notice, whether counsel's portal activity constituted operative receipt for limitations purposes under the facts here, whether and when Plaintiff himself actually received or accessed the notice, and whether any short delay should be excused under equitable principles." (Doc. 25, at 2-3). He further contends that "[a] limitations defense may be resolved on summary judgment only if the record, construed in Plaintiff's favor, forecloses a genuine factual dispute on the date of receipt and any applicable tolling principles." *Id.* at 3.

First, Plaintiff's argument about whether he himself received the notice is unpersuasive. *See Rembisz*, 830 F.3d at 683 ("[A] notice of final action is 'received' when the [agency] delivers its notice to a claimant or the claimant's attorney, whichever comes first.") (quoting *Irwin*, 498 U.S. at 92).

Second, Plaintiff presents no evidence to support his vague assertion that Studenic did not represent him before the EEOC at the time of the notification.

Third, although Plaintiff is correct that equitable tolling is available in Title VII cases (Doc. 25, at 5-6), his argument that "the record does not foreclose tolling" is unavailing at this stage of the case. (Doc. 25, at 5-6). Equitable tolling is "sparingly bestow[ed]." *Graham-*

---

6. Ninety days after April 7, 2025 was Sunday, July 6, 2025. Because this was a weekend, the effective filing deadline was Monday, July 7, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C).

*Humphreys*, 209 F.3d at 560. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. And "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. It is Plaintiff's burden to present evidence establishing equitable tolling. *See Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) ("A litigant 'carr[ies] the burden of establishing [his] entitlement to equitable tolling.'") (quoting *Jackson v. United States*, 751 F.3d 712, 718-19 (6th Cir. 2014)); *see also Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir. 1990) ("On a motion for summary judgment, the burden is on the plaintiff to present facts which, if true, would justify equitable tolling of the statute of limitations."); *Hall*, 2022 WL 989084, at *5 n.5 ("Plaintiff has not met her burden of showing the existence of a genuine dispute as to the (in)applicability of equitable tolling."). Plaintiff points to no facts in the record to support his claim that equitable tolling should apply.

In short, Ventra has provided evidence that Plaintiff's attorney received the right to sue letter on April 7, 2025, triggering the start of the statute of limitations. Plaintiff has not presented any evidence to the contrary nor any evidence that the statute of limitations should be equitably tolled. The Complaint here was filed on July 9, 2025, outside the 90-day filing period. The Court therefore finds Ventra has demonstrated its entitlement to summary judgment on Plaintiff's employment discrimination claim.

*Rule 56(d) Request*

Finally, Plaintiff alternatively contends the Court should defer ruling on Ventra's Motion for Summary Judgment under Rule 56(d) and "permit limited discovery directed to the timeliness issue." (Doc. 25, at 7). Federal Civil Rule 56(d) provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>    (1) defer considering the motion or deny it;
>    (2) allow time to obtain affidavits or declarations or to take discovery; or
>    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The determination on a Rule 56(d) motion is within the district court's discretion. *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Prac. Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014).

First, Plaintiff has not "show[n] *by affidavit or declaration* that . . . [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d) (emphasis added). This alone renders Plaintiff's request improper. *See Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 226 (6th Cir. 2015) (*"Sandusky's statement contained the date and a list of what it sought. But it 'was not sworn to before a notary public nor signed under penalty of perjury pursuant to 28 U.S.C. § 1746.' So it was an improper Rule 56(d) motion. And without 'having filed a proper affidavit [or declaration], the district court did not abuse its discretion by denying discovery.'"*) (quoting *CareToLive v. FDA*, 631 F.3d 336, 345 (6th Cir. 2011)). Plaintiff does not present, with any specificity, what essential facts to justify his opposition are unavailable to him. *Joseph v. Joseph*, 2018 WL 11433008, at *4 (S.D. Ohio) ("Under Rule 56(d), the burden is on the non-movant to demonstrate its inability to present facts essential to its opposition with specificity.").

Second, Rule 56(d) speaks to facts "unavailable to the nonmovant." Here, the "facts" Plaintiff alludes to needing are available to him. This includes whether counsel represented him at the time of the right to sue letter and any facts that would support an argument for equitable tolling. Plaintiff has not explained why these facts are not available to him, nor has he presented any evidence in response to Ventra's motion. *See King v. Harwood*, 852 F.3d 568, 579 (6th Cir.

14

2017) (holding that "mere recitations of conclusory allegations" are insufficient to justify granting a Rule 56(d) motion). The Court therefore denies Plaintiff's Rule 56(d) request.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Union Defendants Motion to Dismiss (Doc. 15) be, and the same hereby is, GRANTED, and it is

FURTHER ORDERED that Ventra Sandusky LLC's Motion for Summary Judgment (Doc. 24), be and the same hereby is, GRANTED.

        s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2026

15